Carrie F. Evers died in Pinellas County, Florida, on November 25, 1945. No will being found, the county judge duly appointed an administrator of her estate.
On December 21, 1945, the American Legion Hospital for Crippled Children filed a petition in the proceedings, which petition alleged that on May 7, 1945, Carrie F. Evers was of sound mind and memory and, not acting under duress or restraint, executed and caused to be witnessed her last will and testament and that a true copy of the will was attached to the petition; that diligent search and inquiry had been made, but that the original will could not be found, that same was lost or destroyed by accident or design.
The petition further alleged that the will had not been revoked, annulled, or canceled, and prayed that the copy attached be established and admitted to probate as a copy of a missing last will and testament.
The heirs and the administrator filed answer, denying the material allegations of the petition and alleging that the will was revoked by the deceased in some manner authorized by law during the time she was mentally sound.
The cause was heard before the county judge, and after hearing the evidence he found that the evidence did not sustain a finding of accidental loss or destruction and neither did it sustain a finding of fraudulent destruction thereof, and, by the entry of his order denying the prayer of the petition, *Page 227 
necessarily found that the will was destroyed by the deceased in some manner authorized by law at a time when she was mentally sound.
The county judge, in dismissing the petition of appellees, recognized and applied the presumption that a will known to have been executed and retained in the possession of testatrix and not found after her death was presumptively destroyed by the testatrix for the purpose of revocation.
An appeal was taken to the Circuit Court of Pinellas County, and after hearing counsel and considering the cause, that court reversed the order of the county judge and directed that the copy attached to the petition be admitted to probate as the last will and testament of Carrie F. Evers, deceased.
The circuit Court, in reversing the county judge after reviewing the evidence, recognized the presumption, but held that it did not apply in this case for the reason that, according to his findings, the will was actually in existence at the time the testatrix became mentally incompetent and incapable of revoking the will.
The circuit court, in appeals from the probate court, is not authorized to pit its judgment as to the probative value of the evidence against that of the probate judge. If there is substantial evidence to support the findings of the probate judge and he did not misinterpret the legal effect of the evidence as a whole his decree should be affirmed.
The probate judge found that the record did not justify a finding that the will was accidentally lost or destroyed; neither did the record justify a finding that the will was wilfully and fraudulently destroyed. He impliedly found, by his order of dismissal, that there was ample opportunity for the testatrix, while the will was in her possession and while she was mentally sound, to destroy the will for the purpose of revocation. Having so found, he recognized and applied the presumption.
After review of all the record we find ample competent evidence to support the findings of the probate court and he did not misinterpret the legal effect of the evidence as a whole. *Page 228 
The judgment of the lower court is therefore —
Reversed.
THOMAS, C. J., ADAMS and BARNS, JJ., concur.