ROBERTS, Justice.
This is an appeal from a judgment of the Circuit Court in and for Polk County, Florida, reversing an order of the County-Judge’s Court admitting to probate the will of Will F. Wider, deceased.
The record shows that on February 20, 1948, Will F. Wider and his wife, Isobel Wider, each made and executed a will naming the other as sole 'beneficiary and providing that, in the event of the pre-de-cease of the other, the property should go to Stuart Palmer Wider, the appellant here. Stuart Wider was not the son of Mr. Wider, and was not legally adopted by him. Mrs. Wider died in June of 1948. Stuart Wider testified that, on the day following the funeral of his mother, he took the two wills into his possession, with the knowledge of Mr. Wider, and kept them until after the death of Mr. Wider on March 1, 1950. It does not appear that Mrs. Wider’s will was offered for probate. The will of Mr. Wider, which was offered for probate by Stuart Wider in October of 1950, had been mutilated in the following manner: the signature of the testator, Will F. Wider, as well as the signatures of the witnesses thereto, had been neatly cut out of the will and then reinserted and held in place by being pasted to a sheet of paper pasted on the back of the will. To the left of the pasted-in signatures was a pencilled notation, to wit: “May 48 W. F. Wider.” Stuart Wider testified that the will was in this condition when he took it from the bookcase in Mr. Wider’s living room after the funeral of his mother.
Section 731.14, Florida Statutes, F.S.A., provides that “A will may be revoked by the testator himself, or by some other person in his presence and by his direction, by burning, tearing, canceling, defacing, obliterating, or destroying the same, with the intent and for the purpose of revocation.” The sole question here is whether the testator intended to revoke his will by multilating it in the manner above noted. If, so, then the will was invalid and should not have been admitted to probate, as it was not re-published and re-executed in the manner required by Section 731.18, Florida Statutes, F.S.A.
It is the contention of the appellant that Mr. Wider did not mutilate his will intending to revoke it; that he cut the signatures out of his own will by mistake, thinking that he was mutilating the will of his deceased wife. This contention is supported only by the testimony of one Floyd Bernard, to which . we will hereinafter refer. There is also testimony that Mr. Wider intended to destroy and invalidate his will. Three eminent attorneys, one of them a judge, each testified that Mr. Wider stated prior to the death of his wife, that he had destroyed his will, and one of them testified that Mr. Wider later named other persons to whom he desired to leave his estate.
As to the testimony of Floyd Bernard, we must agree with the Circuit Judge that this testimony is not persuasive in the light of the facts. As heretofore noted, the notation “May 48 W. F. Wider” was pen- *424 cilled on the will to the left of the pasted-in signature. This date must have been intended to show either the date of the mutilation of the will or the date when the signatures were .pasted back on the will. Since Mrs. Wider died in June of 1948, the will must have 'been mutilated prior to her death. Yet, Floyd Bernard testified that the reason Mr. Wider gave for wanting to mutilate Mrs. Wider’s will was'that “since Mrs. Wider passed away he thought there was no need of having her Will and his;” that it was not until after Mrs. Wider’s death that Mr. Wider told him he had mutilated his own will by mistake, thinking that he was 'destroying his wife’s will.
Thus, Floyd Bernard’s testimony is inconsistent with the date on the will, and it is contradicted by the testimony 'of the three attorneys, above referred to.
Nor do the physical facts support the appellant’s contention. While the original copy of the will is not before this court, it is pointed out by the Circuit Judge in-his order of reversal that Mr. Wider “could not possibly have cut out his own signature so neatly and clearly, while at the same time thinking it was his wife’s signature; the signature was plainly written; he had to look carefully at it as he cut a neat line above the signature, a line below it and the short line at the left end of the signature to separate the signature completely from the remainder of the Will.”
The Circuit Judge also found it noteworthy, and so do we, that Stuart Wider, according to his own testimony, kept Mr. Wider’s will from June 14, 1948, until after March 1, 1950, or for a period of twenty and one-half months while Mr. Wider was still living.
It is with great reluctance that a finding'of a Probate Judge is disturbed by this court on appeal, and it is the settled rule of this court that if there is substantial competent evidence to support the finding of the Probate Judge and he did not.misinterpret the legal effect of the evidence as a whole, his decree should be affirmed. Watts v. Newport, 149 Fla. 181, 6 So.2d 829, and cases therein cited. Testing the evidence by this rule, we conclude, after a careful consideration of all the evidence, that the Circuit Court reviewing the case on appeal did not err in finding that “the only fair and reasonable conclusion to be reached is that the testator after executing his Will intentionally and effectively revoked the same by cutting out his signature and the signatures of witnesses, thus mutilating said Will, and that as and when offered for probate the instrument offered as such Will was invalid and void;” and that the Probate Judge, in admitting the will of Will F. Wider to probate, “did so under a misapprehension of the legal effect of the evidence as a whole.”
Accordingly, the judgment of the Circuit Court here reviewed should be and it is hereby
Affirmed.
SEBRING, C. J., and TERRELL, MATHEWS and HOBSON, JJ„ concur.
THOMAS, J., and FUTCH, Associate Justice, dissent.