274 So.2d 20 (1973)
Clarence E. SILVERS, Appellant,
v.
ESTATE OF Easter Russell SILVERS, Appellee.
No. 72-875.
District Court of Appeal of Florida, Third District.
March 6, 1973.
Francis T. O'Donnell, Jr., So. Miami, for appellant.
Tobias Simon, Robert P. Kelley, Miami, for appellee.
Before PEARSON, CHARLES CARROLL and HAVERFIELD, JJ.
PER CURIAM.
This is an appeal from an order of the county judges' court of Dade County by which a lost will was established and admitted to probate under § 732.27 Fla. Stat., F.S.A. The principal asset of the decedent was her residence.
The appellant is the surviving husband of the decedent. They were married in 1960. The decedent made a will in 1962, in which her sisters were named as the beneficiaries. She kept the original will and sent an executed carbon copy to the lawyer who had prepared it.
The decedent died in 1971. A search of the papers and effects of the decedent, made after her death by the lawyer, his secretary, and one of the decedent's sisters, Julia E. Russell, failed to produce the 1962 will, but revealed a will which the decedent had made in 1950 (ineffective because of her subsequent marriage, by virtue of § 731.10 Fla. Stat., F.S.A.), and a will which had been prepared in 1965, but which had not been executed. The unsigned 1965 will *21 was the same as that of 1962 except as to some personal property, furniture and furnishings, etc.
An administrator was appointed and probate of the estate by intestacy was commenced. Approximately seven months later the lawyer mentioned above located the carbon copy of the 1962 will in his files, together with the letter by which it had been forwarded to him by the decedent in 1962. About that time the sister Julia Russell, according to her testimony at the hearing, recalled that while visiting the sister in Chicago the decedent had mentioned that she had made a will and named the witnesses (being those on the 1962 will), and further recalled that in going through the papers of the decedent after her death she (Julia Russell) had seen the original of a 1962 will similar to the copy held by the attorney. The reason she gave for not having produced it, or revealing its existence after observing it, was that she had been looking for a 1965 will which was supposed to have been made.
Accepting that testimony as being credible and worthy of belief, as was the province of the trier of the facts, and as being sufficient to establish that the 1962 will was still in the possession of the decedent at the time of her death, the court admitted the "lost" will to probate.
The reliance of the appellant on the principle that when a will which was in possession of a decedent cannot be found after his death there is a presumption that it was revoked, is misplaced here, where, although the 1962 will was never produced, there was some evidence of its existence at the time of the death of the decedent, suggesting possibility of the will having become lost after death of the decedent.[1]
Assuming the will was still in the possession of the decedent when she died, the evidence otherwise was sufficient for the re-establishment and probate of the lost will under § 732.27 Fla. Stat., F.S.A.[2]
Affirmed.
NOTES
[1] When a will known to have been made and retained in the possession of a testator is not found after his death, a rebuttable presumption arises that it was destroyed by the testator for the purpose of revocation. In re Evers' Estate, 160 Fla. 225, 34 So.2d 561; In re Washington's Estate, Fla. 1952, 56 So.2d 545. Cf. In re Estate of Gross, Fla.App. 1962, 144 So.2d 861; In re Estate of Yost, Fla. App. 1960, 117 So.2d 753.
[2] An appellate court will not interfere with the findings of fact or the conclusions of law reached by the probate judge on the basis of such factual findings unless there is an absence of substantial competent evidence to support the findings or the trial court misapprehends the legal effect of the evidence as a whole. In re Wider's Estate, Fla. 1952, 62 So.2d 422; In re Estate of Zimmerman, Fla. 1956, 84 So.2d 560; In re Estate of Yost, Fla.App. 1960, 117 So.2d 753; In re Estate of Holler, Fla.App. 1971, 244 So.2d 444.