PER CURIAM.
The decedent James Morton died on February 13, 1971. An order was entered admitting his will to probate, and a codicil thereto was recognized and recorded by order of the court.
Thereafter, on November 17, 1971, a petition to revoke the probate was filed by Leslie Kirsch, who had been named in the will as a co-executor and co-trustee, denying that the decedent at the time of his death was domiciled in Florida as alleged in the petition for probate, and alleging his domicile was outside the state of Florida. On December 23, 1971, a petition to revoke *12 probate, on the same ground, was filed by Penrod Morton, the former wife of the decedent, acting individually and as parent and natural guardian of three named minor children of that marriage. Answers by the appointed executors, and by a guardian ad litem for the minor children, denied the decedent was domiciled elsewhere than in Florida, and challenged the standing of the petitioners to seek revocation of probate.
Following extended hearings and trial on the issue of domicile, the court entered an order on June S, 1972, holding that the domicile of the decedent at the time of his death was in Florida, and dismissing the Kirsch petition to revoke probate. The petition of Penrod Morton was dismissed for want of standing. Leslie Kirsch appealed (No. 72-960), and Penrod Morton appealed (No. 72-906).
Appellants in a joint brief contend the finding and holding of the probate court that the decedent, at the time of his death, was domiciled in Florida, rather than in Louisiana, was contrary to and against the weight of the evidence. Under the settled rule in the appellate courts of this state, if there is substantial evidence to support the findings of the probate judge and he did not misinterpret the legal effect of the evidence as a whole, his decision should be affirmed. In re Evers’ Estate, 160 Fla. 225, 34 So.2d 561, 562; In re Wider’s Estate, Fla.1953, 62 So.2d 422; In re Yost’s Estate, Fla.App.1960, 117 So.2d 753, 754.
On consideration of the contentions of the appellants in the light of the record, briefs and argument, and with due regard to the rule just announced which is applicable to our consideration of this appeal, we are not persuaded that the conclusion reached by the able county judge, that Florida was the domicile of the decedent, was contrary to the evidence or that the court misapplied the law. Having concluded that the questioned holding of the county judge was based on competent substantial evidence under the applicable law, we hold the order denying the Kirsch petition for revocation of probate should be affirmed. It would serve no useful purpose for this court to attempt a statement or restatement of the evidence in the case.
Inasmuch as the issue relating to domicile was presented, tried and determined on the merits, on the petition for revocation of probate filed by Kirsch, we consider it unnecessary to rule on the correctness or otherwise of the holding of the probate court that the appellant Penrod Morton was without standing to so petition the court.
Affirmed.