343 So.2d 41 (1977)
In re ESTATE OF Charles A. BAIRD, Deceased.
Mary B. HICKS, Appellant,
v.
Arthur SCHWAB, Administrator CTA of Estate of Charles A. Baird, Deceased, Appellee.
No. 75-2059.
District Court of Appeal of Florida, Fourth District.
January 14, 1977.
Rehearing Denied March 29, 1977.
*42 William L. Ranaghan of Sullivan, Cochran, Ranaghan, Bailey & Gleason, P.A., Pompano Beach, for appellant-Mary B. Hicks.
Peter A. Portley of Zimmerman, Haywood & Portley, Pompano Beach, for appellee.
SCHWARTZ, ALAN R., Associate Judge.
The decedent's will, which had been in his possession for almost three years, could not be found after his death, thus giving rise to the so-called presumption that he had destroyed the will with the intention of revoking it. The trial judge nonetheless denied a petition, brought by the decedent's heir-at-law, to revoke the probate of an executed copy of the will, thereby determining that the presumption had been successfully overcome. We reverse upon a holding that the record contains no substantial evidence sufficient to justify this finding.
The facts are relatively simple. Charles A. Baird executed his will in 1964; it provided that his estate would go to his wife or, should she predecease him, to his wife's sister Charlotte Barricklow, who is the real appellee in interest in this proceeding. Mr. Baird's wife died in 1970. On September 23, 1971, he executed a codicil to the 1964 will which simply provided for a legally qualifiable personal representative; in all other respects, the codicil reaffirmed the 1964 will. Both the will and the codicil were given to Baird by his attorney after he had prepared the codicil for him. Baird never remarried and lived alone the entire period between that time and his death, at age 84, on August 13, 1974. After his death the codicil was found in the decedent's apartment in a box of "business papers" which was described as "fairly well in order", but the will itself was not found, either then or since.
If this were all that the evidence showed, even the appellee concedes that law would require a finding, upon an application of the "presumption" to which we have referred, that Mr. Baird had destroyed the original will for the purpose of revoking it. Schaefer v. Voyle, 88 Fla. 170, 102 So. 7 (1924); Stewart v. Johnson, 142 Fla. 425, 194 So. 869 (1940), In re Evers' Estate, 160 Fla. 225, 34 So.2d 561 (1948). While, as the quotation marks we have placed around the word "presumption" are intended to indicate, its precise nature is somewhat uncertain, we are convinced from a review of all the Florida cases on the subject that a showing of a lost will which had been in the possession of the decedent, as in this case, gives rise to more than the mere permissible inference of revocation which was referred to in Thomas v. Thompson, 114 Fla. *43 833, 155 So. 321 (1934). We think that, as in the case of the "presumption" of undue influence treated by the Supreme Court in In re Estate of Carpenter, 253 So.2d 697 (Fla. 1971), such a showing requires a finding of revocation, unless the proponent of the lost will comes forward with evidence, of a competent and substantial nature, that would justify a finding that the will had not been revoked.[1]In re Evers' Estate, supra; In re Washington's Estate, 56 So.2d 545 (Fla. 1952).
The evidence relied upon by the appellee to carry this burden consisted of proof that (a) at the time Mr. Baird's papers were discovered shortly after his death, his apartment (though not the box with his documents) was in a state of disarray and had been open and accessible to other unknown persons; (b) almost up to the time of his death, Mr. Baird expressed his continued fondness and warm feelings for Mrs. Barricklow and her son; and (c) towards the end of his life, the decedent was "getting ... forgetful" and was "decidedly so" on the day of his death. We hold that none of this evidence was sufficient to "rebut the presumption" and support the finding of non-revocation:
(a) While it is established that the fact that persons with adverse interest in destroying a will have had an opportunity to do so may serve to rebut the presumption, there was simply no such evidence in this case; the only such person, the present appellant, was hundreds of miles away at all relevant times. See Board of Trustees of Methodist Church v. Welpton, 284 S.W.2d 580, 583 (Mo. 1955). Cases such as In re Washington's Estate, supra, and those collected in Annotation, Lost Will-Proving Nonrevocation, 3 A.L.R.2d 943, 976-979 are therefore not on point. The fact that persons with no interest whatsoever in secreting or destroying Mr. Baird's will might possibly have done so obviously is no evidence whatever that they did.
(b) The rule that statements of the decedent cannot alone[2] serve to rebut the presumption, e.g. Loy v. Loy, 246 S.W.2d 578 (Ky. 1952); In re Jensen's Estate, 141 N.J. Eq. 222, 56 A.2d 573 (1947), affd., 142 N.J. Eq. 222, 59 A.2d 624 (1948), cases collected Annot., supra, at 3 A.L.R.2d 969-971 finds particular application in this case, in which Mr. Baird was shown only to have expressed continued affection for the beneficiary of the will and did not, as in In re Washington's Estate, supra, and In re Estate of Carlton, Fla., 276 So.2d 832, 833[3] state his "desire to leave his estate" [emphasis supplied] to Mrs. Barricklow. Mr. Baird's statements that he liked her provide no proof that he did not revoke the will which provided for her.
(c) Finally, the evidence as to the decedent's mental condition before his death was woefully insufficient to establish that he was "insane" during the period in which he might have revoked his will. This showing therefore likewise could not form a proper basis for the determination below. Compare In re Niernsee's Estate, 147 Fla. 388, 2 So.2d 737 (1941); cases collected, Annot., supra, at 3 A.L.R.2d 985-986.
In sum, the proponent of the will presented no more than the fabled twins of speculation and conjecture to establish that Mr. *44 Baird might not have revoked his will. Cf. In re Estate of Kuhn, 286 So.2d 276 (3 DCA Fla. 1973). The trial judge was in error in concluding that the evidence was sufficient to overcome the presumption, raised by the law, that he did. The final order below is reversed and the cause remanded with directions to grant the petition for revocation of probate.
Reversed and remanded.
ALDERMAN, J., and BERANEK, JOHN R., Associate Judge, concur.
NOTES
[1] If this occurs, the "presumption," as such, would drop out of the case, although the facts which give rise to it would still permit, though not require, the trier of fact to conclude that the will had been revoked. See Thomas v. Thompson, supra; cf. In re Estate of Carpenter, supra, at 253 So.2d 705.
[2] The mere fact that these expressions are coupled with other insufficient evidence of nonrevocation does not make the statements thereby sufficient to rebut the presumption. Board of Trustees of Methodist Church v. Welpton, supra.
[3] The Carlton case, heavily relied upon by the appellee, is otherwise not on point. Its essential holding does not concern the showing necessary to rebut the presumption but is rather to the effect that the will in question there was not really "lost" at all, but was contained in the "mush" found in the decedent's waterlogged safe after his death. Silvers v. Estate of Silvers, 274 So.2d 20 (3 DCA Fla. 1973) is to like effect.