369 So.2d 113 (1979)
Dianna UPSON, Appellant,
v.
The ESTATE of Helen E. CARVILLE, Deceased, Appellee.
No. LL-125.
District Court of Appeal of Florida, First District.
April 6, 1979.
J. Peyton Quarles, Law Offices of T. Hulen Ray, Deland, for appellant.
Berrien Becks, Sr., of Becks & Becks, Daytona Beach, Samuel Spector and Guyte P. McCord, III, of Spector & Tunnicliff, Tallahassee, for appellee.
PER CURIAM.
Dianna Upson, daughter of the decedent Helen E. Carville, appeals the order of the trial court granting a petition to establish and probate a lost will and denying a counter-petition to appoint appellant the sole surviving heir. We affirm.
The record reveals that Helen E. Carville executed a will in 1965 leaving her estate in trust to her two grandchildren. Her attorney had retained an unexecuted carbon copy of the will and, when the executed copy which had been retained by Carville *114 could not be found, he filed a petition to establish and probate the lost will. Appellant filed an objection to the petition and a counter-petition to have herself named the sole surviving heir.
The evidence revealed that Carville was meticulous about her affairs, keeping all of her important papers, including her will, in a metal box in her office-sewing room and maintaining a ledger to record every expenditure. The metal box was seen in her possession a week or two before her death; but after her death, it could not be found. There was testimony that Carville had talked with friends about making a new will or having done so, but no one had seen that will or had heard her say she had executed it. Furthermore, although the testimony was that her proposed new will would provide for a great grandchild and provide for a later distribution of the corpus of the trust to her grandchildren and that her feelings toward appellant had softened during the last two months of her life, there was no testimony that Carville ever expressed any intent to leave her estate to appellant. There was clear evidence that she desired to die testate.
In Florida there is a presumption that if a properly executed will which is retained by the testator cannot be found at death, in the absence of the evidence to the contrary, there is a presumption that the will was destroyed by the testator with the intention to revoke it. In re Washington's Estate, 56 So.2d 545 (Fla. 1952). We believe that there was evidence to the contrary sufficient to overcome the presumption.
Appellant relies on In re Estate of Baird, 343 So.2d 41 (Fla. 4th DCA 1977), where the court held that the evidence did not overcome the presumption even though the decedent's apartment had been accessible to others and was in disarray and the decedent had expressed warm feelings for those who would have taken under the will but would receive nothing otherwise. We think Baird is distinguishable. In that case, though the apartment was in disarray, the box where the decedent had kept his important papers was intact. Here, it was not simply that the will was missing from the box of important papers; the box itself was missing. In Baird, the court noted that if people with an adverse interest had had an opportunity to destroy the will, the presumption might have been overcome, but the only person who had adverse interest was hundreds of miles away. Here, the person with the adverse interest lived in the same vicinity as did Carville.
Appellant also challenges the procedural propriety of the hearing below, urging that it was improper for the trial court to require her to go forward with the burden of proof once the execution and contents of the lost will were established by appellee. Appellant waived this point by failing to move for a directed verdict before presenting her evidence.
Accordingly, the decision of the trial court granting the petition to establish and probate a lost will and denying the counter-petition is AFFIRMED.
MILLS, Acting C.J., ERVIN, J. and MASON, ERNEST E., Associate Judge, concur.