BASKIN, Judge.
Judy Lurio, surviving spouse of Sidney Lurio, appeals the Order Denying Petition to Establish and Probate Lost or Destroyed Will and the Order Denying Motion for Rehearing entered by the trial court. We affirm.
Judy Lurio’s attempt to establish and probate the lost or destroyed will of her husband depended on her contention that his original will had been lost or destroyed without his knowledge or consent and that he did not intend to revoke the will. The trial court ruled that although diverse inferences could be drawn from the evidence, Mrs. Lurio had failed to overcome the presumption, well established in Florida law, that a will which was in the possession of the testator before his death but cannot be located was destroyed by him with the intention to revoke. Estate of Parson, 416 So.2d 513 (Fla. 4th DCA 1982); In re Estate of Baird, 343 So.2d 41 (Fla. 4th DCA 1977).
Mrs. Lurio contends,, however, that the presumption never arose because the evidence did not prove that Mr. Lurio ever possessed the will. The trial court heard evidence from Marvin Moss, the attorney who drew the will, to the effect that it was his custom to deliver both the original and its executed copy to the maker of the will and that he gave the original to Mr. Lurio.* Appellant testified that Mr. Lurio gave her an envelope which she then gave to her mother for safekeeping. Mrs. Lurio’s evidence, indicating that Mr. Lurio corrected a mistake on a copy of the will and that he began to prepare but did not complete deeds to property, is subject to conflicting inferences which are properly resolved by the trial court. Appellate courts should not disturb trial court findings in a probate matter unless substantial competent evidence fails to support the trial court’s findings. In re Yost’s Estate, 117 So.2d 753 (Fla. 3d DCA 1960). We are unable to find error in the trial court’s decision that the presumption of revocation was established by the evidence.
Addressing the trial court’s determination that Mrs. Lurio failed to present substantial and competent evidence to rebut the presumption of revocation, we conclude that where the evidence is susceptible of conflicting inferences, the trial court’s decision is favored with a presumption of correctness. Lee v. Dade County, 342 So.2d 846 (Fla. 3d DCA 1977). The inferences drawn by the trial court from the evidence are adequately supported. See In re Evers’ Estate, 160 Fla. 225, 34 So.2d 561 (1948).
*199 Finding no merit in appellant’s remaining argument on newly discovered evidence, we affirm the decision of the trial court.
Affirmed.

 In an affidavit presented as newly discovered evidence and properly excluded by the court, Moss stated that he could not say with certainty which documents he handed to Mr. Lurio.