## IN RE: Estate of MURPHY
### Case No. 88-206Cp
Nineteenth Judicial Circuit, Martin County
February 1, 1989

### APPEARANCES OF COUNSEL

**Sherry L. Cooper,** for petitioner, Paul O. Murphy.
**F. Shields McManus,** for respondent, Wayne L. Murphy.

### OPINION OF THE COURT

JOHN E. FENNELLY, Circuit Judge.

### *ORDER ADMITTING WILL TO PROBATE*

THIS MATTER came on for hearing upon Paul O. Murphy's Petition to Establish Lost or Destroyed Will. The Court, having heard testimony, considered Exhibits, and read depositions introduced in this cause, makes the following Findings of Fact and Conclusions of Law.

The Decedent, Floyd Murphy, executed a will on 16 June 1983. This

will, executed with the requisite formalities, was given to the decedent and was not found with his possessions at death. Florida law casts upon Paul Murphy the burden of establishing that the will was not revoked. (*Lurio v. Lurio,* 443 So.2d 197 (Fla. App. 3d DCA 1983)). Paul's brother, Wayne, objects to admission of a copy of the will to probate. This copy was kept in the offices of the lawyer who prepared it. If the copy is admitted, Paul receives all of his father's estate. If not, Mr. Murphy died intestate and the brothers share equally.

Predictably, the evidence reveals a family rent asunder by this controversy. The depositions and testimony are replete with attempts to establish who ranked first in the heart of the decedent. Fortunately, this is not what must be decided. Solomon, that most legendary jurist, would be hard pressed to well and truly decide that issue.

Paul Murphy's central contention is that the will was kept in a safe at his late father's home. The evidence clearly establishes that Mr. Murphy customarily kept his valuables, including documents, in that safe. The evidence also establishes that the safe was stolen on January 3, 1985. An inventory prepared by the investigating officer was entered into evidence. It reflects that Mr. Murphy kept both valuables and documents in the safe. Ms. North, a close friend of the decedent and a person not interested financially in the outcome of the case, indicates that two or three days after the incident the testator stated that the will was in the safe when it was stolen, and that he didn't need a will as the copy was available. Mrs. Lillian Murphy, Paul's former wife, who the court found particularly credible, indicated that the deceased made similar remarks to her after the theft of the safe.

The decedent was a particularly frugal individual as the record amply demonstrates and an aversion to paying for a second will when a copy was available would not be out of character.

In addition, Mr. Murphy, after the safe was stolen, changed the beneficiary on his insurance to eliminate Wayne. At that time, he indicated that Wayne was out of the will. This would also tend to corroborate the previously discussed witnesses and demonstrate that Mr. Murphy did not intend to revoke his will but rather continued a fixed total testamentary intent, i.e., that Paul should inherit to the exclusion of Wayne.

The Court, therefore, finds that there is evidence in this record to support a finding that Mr. Murphy did not intend to revoke his will but rather had the mistaken impression that the copy was sufficient to carry out his testamentary intent.

The next issues that must necessarily be resolved are (1) the nature

of the presumption operative in this case and (2) the sufficiency of the evidence present in the record to overcome the presumption.

The Florida Evidence Code creates two distinct types of presumptions for civil cases.

One has been described as the "Thayer Bursting Bubble" type of presumption. This presumption merely shifts the burden of producing evidence upon the opposing party and requires the trier of fact to find the presumed fact only if no evidence rebuts the presumed fact.

This type of presumption disappears from the case when contrary evidence is produced. (See Fla. Ev. Code 90.303, Erhardt's Fla. Ev. 302.1 and *Beriick v. Prudential Property Casualty Insurance Co.,* 436 So.2d 239, 240 (Fla. 3d App. DCA 1983).

The second type of presumption shifts the burden of proof and requires that the trier of fact to find the presumed fact unless the evidence warrants a finding the presumed fact does not exist. This presumption remains in the case until the opponent overcomes it. (See Erhardt's Fla. Evidence and Fla. Ev. Code 90.304)

It would also appear that the operative presumption in this case is of the latter type. Judge Letts' opinion, in the recent case of *The Estate of Kuezmaul,* 491 So.2d 287 (Fla. App. 4th DCA 1986), would seem to support that conclusion. Judge Letts, speaking for the Court, reaffirmed the courts' adherence to the presumption of revocation and indicated "the presumption can only be *overcome* by competent and substantial evidence." (*Kuezmaul* at pg. 286)

A second and related issue is the definition of competent and substantial evidence. The Supreme Court in *Duval Utility v Fla. Pub. Service Comm.,* 380 So.2d 1028 (1980), defined that standard as "such evidence as will establish a substantial basis of fact from which the fact at issue can be inferred or such relevant evidence as a reasonable mind would accept as adequate." (*Duval* at pg. 1030) See also *Florida Waterworks v Florida Pub. Service Comm.,* 473 So.2d 237, (Fla. App. 1st DCA 1985).

The case of *Upson v Estate of Carville,* 369 So.2d 113 (Fla. App. 1st DCA 1979) is, in the court's view, determinative on the issue presently before the Court. As in *Carville,* the safe itself was missing and the evidence would support a conclusion that the will was, in fact, kept there. The evidence would further warrant a conclusion that the testator was mistaken concerning the legal sufficiency of any copies and that he, therefore, did not intend to revoke his will.

The Court, therefore, finds that the petitioner has carried the burden

**99**

of proving the copy by competent and substantial evidence in accordance with the foregoing discussion of applicable legal authorities.

Petitioner's Motion is granted. The Will will be admitted and Letters issued. The Court retains jurisdiction for entry of such other relief as may be necessary and lawful.

DONE AND ORDERED in Chambers in Stuart, Martin County, Florida, this 1st day of February, 1989.