FERGUSON, Judge.
This is an appeal from an order dismissing a Petition for Establishment and Probate of a Lost or Destroyed Will and Appointment of a Personal Representative in the Estate of Mabel C. Roach.
Mrs. Roach died in 1986. Two years later, the petitioner Margaret Schultz requested the probate court to probate an unexecuted, conformed copy of the decedent’s will, dated February 23, 1976. Under the will, Schultz was named personal representative and the beneficiary of one-third of Roach’s residuary estate. The remaining two-thirds were to be divided equally between two grand nieces of the decedent.
Roach executed, published, and declared her will before three attesting witnesses. Schultz contends that the original was lost or destroyed without Mrs. Roach’s knowledge or consent and without an intent on her part to revoke the document. Schultz further testified that a copy of the will was found in the decedent’s safe deposit box shortly after her death.
The guardian of the property, acting for the decedent’s brother, filed a motion for involuntary dismissal of Schultz’s petition which the lower court granted on a finding that there was a failure to overcome the presumption in Florida law that the will was destroyed with the intention to revoke. We reverse.
The presumption that a lost will has been destroyed with the intention to revoke arises only where the original will has been in the possession and control of the decedent. In re Washington’s Estate, 56 So.2d 545 (Fla.1952); In re Evers Estate, 160 Fla. 225, 34 So.2d 561 (1948). See generally Annotation, Lost Will—Proving Nonrevocation, 3 A.L.R.2d 949 (1949).
Donald Dorrach, the attorney who prepared the will and served as one of the attesting witnesses, testified at trial that he could not remember delivering Mrs. Roach’s original will to her and that many *1157 of his files were lost or destroyed in several office relocations. He testified further that it was his customary practice to give the client a conformed copy and to retain the original. See In re Yost’s Estate, 117 So.2d 753 (Fla. 3d DCA 1960) (lawyer’s failure to find and produce will entrusted to him does not give rise to any presumption of its revocation). No evidence was presented that the original will had ever been in the possession or control of the decedent.
Reversed and remanded with instructions to reinstate and grant the petition.