604 So.2d 864 (1992)
Manuel DOURADO, Appellant/Cross-Appellee,
v.
Maria D. CHOUSA, etc., et al., Appellees/Cross-Appellants.
Nos. 91-1569, 91-2807.
District Court of Appeal of Florida, Fifth District.
August 7, 1992.
Rehearing Denied September 16, 1992.
*865 J. Lester Kaney, Cobb Cole & Bell, Daytona Beach, for appellant/cross-appellee.
Catherine G. Swain, P.A., Dunn, Webster & Swain, Daytona Beach, for appellees/cross-appellants.
PETERSON, Judge.
Manuel Dourado appeals portions of the trial court's 31-page amended final judgment which sets forth findings of fact and conclusions of law. The court determined that certain inter vivos transfers to Manuel from his mother and father were not gifts, but loans, and that, upon the death of his mother (the father predeceased the mother), Manuel's denial of the existence of the loans deprived the mother's estate of assets. Under the mother's will, the estate assets were to be shared equally by Manuel, his sister, Maria D. Chousa, and his brother, Frank Dourado, personal representative of their mother's estate. Maria and Frank, and Frank as personal representative, cross-appeal portions of the amended final judgment that found certain inter vivos transfers from their parents to Manuel to be gifts. The final judgment concluded four years of litigation involving the siblings. The factual findings of the trial court included detailed tracing of funds into purchases and sales of noncash assets. In arriving at the findings of fact, the trial court remarked that much of the testimony of one witness had to be rejected as unworthy of belief.
We will not disturb the findings of fact included in the amended final judgment. It is not the function of an appellate court to weigh conflicts of evidence and testimony. Cripe v. Atlantic First Nat'l Bank of Daytona Beach, 422 So.2d 820, 821 (Fla. 1982); Schmeck v. Sea Oats Condominium Ass'n, Inc., 441 So.2d 1092 (Fla. 5th DCA 1983).
The trial judge reserved jurisdiction to award attorney's fees to the mother's estate and against Manuel. The court also reserved jurisdiction to consider and determine an award of a deficiency judgment against Manuel in the event that the amount of attorney's fees awarded exceeded the value of Manuel's share of the estate, plus the value of certain of his property upon which constructive and resulting trusts were imposed. While the respective values and amounts have yet to be determined by the court, we consider it appropriate now to comment upon the entry of a deficiency judgment against Manuel based upon an award of attorney's fees to the estate. The amended final judgment is silent upon the authority for an award of attorney's fees to the estate, but we presume it is pursuant to section 733.106, Florida Statutes (1989). This is the basis for the fees alleged in the personal representative's complaint. Section 733.106(3) allows any attorney who has rendered services to an estate to apply for an award of fees. If the court awards fees, the court may also *866 direct the part of the estate that will bear the impact. Subsection 733.106(4). Subsections 733.106(3) and 733.106(4) do not contemplate imposition of personal liability for the fees in the event a beneficiary's share is not sufficient to satisfy the full amount of the fees awarded. Dayton v. Conger, 448 So.2d 609 (Fla. 3d DCA 1984).
The amended final judgment is affirmed except to the extent that it contemplates the payment of attorney's fees from such of Manual's personal assets that do not constitute a portion of the assets of his mother's estate. This action is remanded for further proceedings for which the trial court reserved jurisdiction.
AFFIRMED in part; REMANDED.
COBB and HARRIS, JJ., concur.