PER CURIAM.
This is an appeal from the trial court’s order denying the guardian’s verified petition for authority to amend trust by concluding that the petition was not authorized by section 744.441, Florida Statutes (1993). We reverse and remand with direction to reconsider the evidence contained in the record in light of this opinion.[1]'
Appellant is the guardian of the person and property of his incapacitated grandfather, John Herbert Muller. In 1989, prior to his incapacitation, Muller created and funded a revocable trust, which reads in pertinent part: “It is fully my intent that this Trust shall be a Revocable Trust. I therefore specifically reserve the right to revoke or amend this Agreement at any time in whole or in part.” Muller was the named life beneficiary.
In 1991, Muller amended the revocable trust to appoint appellee, Linda Boyle, as successor trustee in the event of Muller’s death or incapacitation. In March 1993, Muller was adjudged incapacitated and appellant was appointed plenary guardian of Muller’s person and property. Apparently, it was also at this time that appellee became trustee of the revocable trust.
On June 15, 1993, appellant as guardian filed a verified petition for authority to amend the trust to appoint a new trustee, pursuant to sections 774.441(2) and 774.441(19), Florida Statutes. The petition asserted that appellee had a severe conflict of interest with Muller and that it would be in Muller’s best interest to amend the trust to remove appellee as trustee and name either appellant or an independent third party as trustee. The alleged conflict of interest was premised on litigation between appellant as guardian and appellee, individually and as trustee.
Appellee’s motion to dismiss was denied and the cause proceeded to final hearing. Subsequently, the trial court issued its order denying “with reluctance” appellant’s petition to amend the trust and ruling that such authority to amend the trust was not authorized by section 744.441, the guardianship statute, nor by any other Florida statute. “The Court [found] that if it granted the request of the guardian, it would stretch the language contained in this specific Florida Statute beyond any reasonable interpretation of what the Legislature intended.”
Both parties contend the governing statute is plain and unambiguous with each giving his or her interpretation of what the statute *700 says. While believing the statute to be ambiguous, we conclude it will permit the present action.
The pre-1987 version of the governing statute permitted a guardian to:
Execute any power of appointment or other power that the ward might have lawfully exercised, consummated, or executed if competent, if the best interest of the ward requires such execution.
§ 744.441(2), Fla.Stat. (1985) (emphasis added).
With additions to the 1987 amendment underlined, the current version reads:
(2) Execute, exercise, or release any powers as trustee, personal representative, custodian for minors, conservator, or do-nee of any power of appointment or other power that the ward might have lawfully exercised, consummated, or executed if not incapacitated, if the best interest of the ward requires such execution, exercise, or release.
§ 774.441(2), Fla.Stat. (1993).
The legislative history relied upon by appellant is helpful. It suggests that the intent of the 1987 amendment was to broaden the powers of the guardian, not to limit the term “other power” to powers that the ward held as a donee, as was suggested by appellee. Appellant points to several places in titles and summaries of the senate and house bills where it is stated that the effect of the bills is to “broaden” or “increase” a guardian’s powers, including the house staff analysis summary which reads:
Section 744.441(2), F.S., is amended to clearly give a guardian, upon court approval, the power not only to execute powers of the ward, but to exercise or release any powers the ward would have as trustee, personal representative, custodian, conservator or donee.
It is clear that the legislature envisioned that the general provision referring to “other power” held by the ward was distinct from the enumerated fiduciary powers held by the ward. The legislative history strongly suggests that the legislature did not intend that the term “other power” be given a restrictive meaning as suggested by appellee. Moreover, as appellant points out, Black’s Law Dictionary includes the following as the first and primary definition of “power”: “The right, ability, authority, or faculty of doing something. Authority to do any act which the grantor might himself lawfully perform.” Black’s Law Dictionary 1053 (5th ed. 1979). Thus, the trial court erred in ruling that the power to amend the revocable trust to replace the trustee was not authorized by section 744.441(2).
HERSEY, GLICKSTEIN and POLEN, JJ., concur.

. In so doing, the trial court should not consider Doane’s testimony regarding the intent of Muller in having the trust agreement drafted. We determine that such testimony is inadmissible as it falls within the lawyer-client privilege. The notes to section 90.502(4)(d), Florida Statutes (1993), indicate that this exception to the lawyer-client privilege relates only to the execution or attestation of a document.