669 So.2d 1062 (1996)
Kathleen F. LONERGAN, etc., et al., Appellant,
v.
ESTATE OF Ethel L. BUDAHAZI, Appellee.
No. 95-905.
District Court of Appeal of Florida, Fifth District.
February 9, 1996.
Rehearing Denied March 19, 1996.
*1063 Mark Edward Hager of Charnock & Hager, Spring Hill, for Appellant Kathleen F. Lonergan.
David C. Sasser of Johnston & Sasser, P.A., Brooksville, for Appellant Andrew Brickwedel.
Richard G. Padgett, Spring Hill, for Appellee.
ANTOON, Judge.
This is an appeal from an order admitting a copy of Ethel Budahazi's lost will to probate. Because the legal presumption that a lost will was destroyed by the testator with the intention of revocation was sufficiently overcome by competent substantial evidence, we affirm.
Ethel Budahazi (wife) and John Budahazi (husband) were married on September 16, 1975. In 1986, after eleven years of marriage, the wife executed a will leaving her entire estate to her husband. Thereafter, the parties' relationship deteriorated and by the spring of 1992, it had become turbulent. In May, the wife obtained an injunction against domestic violence, and in June the husband filed a petition to dissolve the marriage. In July 1992, the wife executed a second will leaving her entire estate to her daughter Marilyn Wilbright. The wife also changed the title to bank accounts owned jointly with her husband to her name only. But, as the end of the summer of 1992 approached, the parties had a change of heart and by late summer they had reconciled. On August 28, the husband and wife executed a joint stipulation agreeing to dismiss the lawsuits against one another. The husband moved back into the marital residence, and the parties resumed their marital relationship. By the time the attorney who prepared the wife's second will mailed the executed original to the wife on September 14, 1992, the parties were again living together as husband and wife.
Tragedy then befell the couple. The wife died on May 7, 1993, and the husband was severely injured in an automobile accident the following July. As a result of his injuries, the husband was incapacitated and Kathleen Lonergan was appointed guardian of his person and property.
Incident to her duties as guardian, Lonergan searched the parties' home for important papers. Lonergan found the wife's 1986 will, but she was unable to locate the wife's 1992 will, the whereabouts of which is still unknown. Lonergan filed a petition for intestate administration of the wife's estate, and the wife's daughter, Wilbright, filed a counter-petition for administration requesting that a copy of the wife's July 1992 will be admitted to probate. The trial court granted Wilbright's petition and admitted the copy of the 1992 will to probate. Lonergan appeals this ruling.
The findings of the trial court are to be presumed correct and are to be given the same weight as a jury verdict. Parson v. Hendley, 416 So.2d 513 (Fla. 4th DCA 1982), rev. denied, 426 So.2d 27 (Fla.1983); Gruman v. State, Dept. of Revenue, 379 So.2d 1313 (Fla. 2d DCA 1980); Gaisford v. Frostman, 202 So.2d 790 (Fla. 4th DCA 1967), cert. denied, 211 So.2d 212 (Fla.1968). Because it is the trial court who has the first-hand opportunity to hear and observe the witnesses as they testify, the trial court is in a superior position to weigh the evidence and credibility of the witnesses. It is not the function of an appellate court to substitute its judgment for that of the trial court unless there is a lack of competent substantial evidence to support the findings upon which a final judgment is based. Dourado v. Chousa, 604 So.2d 864 (Fla. 5th DCA 1992); Clegg v. Chipola Aviation, Inc., 458 So.2d 1186 (Fla. 1st DCA 1984); Hernandez v. Leiva, 391 So.2d 292 (Fla. 3d DCA 1980).
In Florida, when a will known to have existed prior to the testator's death is lost, and its loss cannot be explained, a rebuttable presumption arises that the testator destroyed the will with the intention of revocation. Potts, et al. v. American Legion Hospital for Crippled Children, 160 Fla. 225, 34 So.2d 561 (1948); Walton v. Estate of Walton, 601 So.2d 1266 (Fla. 3d DCA 1992), rev. denied, 617 So.2d 319 (Fla.1993); In re: *1064 Estate of Parson, 416 So.2d 513 (Fla. 4th DCA 1982), rev. denied, 426 So.2d 27 (Fla. 1983); Upson v. Estate of Carville, 369 So.2d 113 (Fla. 1st DCA 1979). The proponent of admitting such a lost will to probate has the burden of introducing competent substantial evidence in order to overcome this presumption. In re: Estate of Sangenito, 631 So.2d 1125 (Fla. 4th DCA 1994); Schultz v. Estate of Roach, 549 So.2d 1156 (Fla. 3d DCA 1989); In re: Estate of Baird, 343 So.2d 41 (Fla. 4th DCA 1977). The question presented in the instant case is whether the wife's daughter, Wilbright, presented competent substantial evidence to rebut the presumption that the wife had deliberately destroyed her 1992 will.
The term "competent substantial evidence", although often used, is rarely defined. In his concurring opinion in Dunn v. State, 454 So.2d 641 (Fla. 5th DCA 1984), Judge Cowart defined the term as follows:
The term "competent substantial evidence" does not relate to the quality, character, convincing power, probative value or weight of the evidence but refers to the existence of some evidence (quantity) as to each essential element and as to the legality and admissibility of that evidence. Competency of evidence refers to its admissibility under legal rules of evidence. "Substantial" requires that there be some (more than a mere iota or scintilla), real, material, pertinent, and relevant evidence (as distinguished from ethereal, metaphysical, speculative or merely theoretical evidence or hypothetical possibilities) having definite probative value (that is, "tending to prove") as to each essential element of the offense charged.
Dunn, 454 So.2d at 649 n. 11. Applying this definition, we conclude that, in order to meet the burden of demonstrating competent substantial evidence, circumstantial evidence is sufficient. Direct evidence is not required.
In concluding that Wilbright had submitted competent substantial evidence to rebut the presumption that her mother had deliberately destroyed her 1992 will, the trial court, citing to Walton v. Estate of Walton, 601 So.2d 1266 (Fla. 3d DCA 1992), rev. denied, 617 So.2d 319 (Fla.1993), placed significance on the fact that the husband had access to the marital residence during the wife's illness. This was because the marital residence was the address to which the wife's attorney mailed the executed will. The trial court also considered the pecuniary interest the husband had in seeing that the wife's 1992 will not be admitted to probate, the fact that the couple had experienced extreme marital discord in the recent past, and the fact that the wife did not return the bank account funds to their previously jointly-held status after their reconciliation. We agree that this evidence, although not overwhelming, was competent and substantial, and thus supported the trial court's ruling. Accordingly, we affirm.
AFFIRMED.
DAUKSCH and GOSHORN, JJ., concur.