EVANDER, J.
Lisa Rene appeals from an order in a guardianship proceeding authorizing Janie Sykes-Kennedy, the court-appointed guardian for Lillie S. White, to amend White’s 2006 revocable trust to appoint herself (Sykes-Kennedy) as trustee. The trust document had provided for Rene, White’s granddaughter, to become trustee in the event White became incapacitated. On appeal, Renee contends, inter alia, that the guardianship court lacked the authority to enter the challenged order and that the order was not in the ward’s best interest. We affirm.
In June 2013, the trial court found that White was incapacitated due to senile dementia and appointed her sister, Janie Sykes-Kennedy, to be her limited guardian. The trial court determined that White was incapable, among other things, of exercising her right to contract, to sue and defend lawsuits, to manage property, to make any gift or disposition of property, to consent to medical treatment, or to make decisions about her social environment or other social aspects of her life.
In August 2013, Sykes-Kennedy filed a petition in the guardianship proceeding requesting that the trial court authorize her, as White’s guardian, to amend the 2006 revocable trust so as to appoint herself as trustee. In her petition, Sykes-Kennedy alleged that it was necessary for the guardian to be able to access assets in the 2006 trust in order to provide care for White and, additionally, that White had “expressed continued worry” that her property was being controlled by Rene.
At the conclusion of an evidentiary hearing, the trial court granted Sykes-Kennedy’s petition, finding that the ward’s best interests would be served by having Sykes-Kennedy appointed trustee. Although Sykes-Kennedy was authorized by the trial court to amend the 2006 revocable trust to appoint herself as trustee, she was prohibited from amending the trust in any other manner. Furthermore, the trial court made an express finding that there was no evidence of wrongdoing by Rene.
Rene argues that the guardianship court did not have the authority to enter an order approving an amendment to White’s revocable trust because section 736.0201(i), Florida Statutes (2013) states that “judicial proceedings concerning trusts shall be commenced by filing a complaint and shall be governed by the Florida Rules of Civil Procedure.” We reject Rene’s argument because Florida’s Trust Code provides elsewhere that, in accordance with section 744.441, a guardian of the property of the settlor may exercise a settlor’s power to amend a trust. See § 736.0602(6), Fla. Stat. (2013) (“A guardian of the property of the settlor may exercise a settlor’s powers with respect to revocation, amendment, or distribution of trust property only as provided in section 744.441.”).
Section 744.441, Florida Statutes (2013) sets forth the powers that a guardian may exercise with court approval. Among these powers is the authority to exercise any power as trustee that the ward might have lawfully exercised if not incapacitated, if the best interest of the ward requires *520 such action. See § 744.441(2), Fla. Stat. (2013);[1] see also In re Guardianship of Muller, 650 So.2d 698 (Fla. 4th DCA 1995) (holding that section 744.441(2) authorized exercise of ward’s power to amend trust to appoint new trustee).
Here, if not incapacitated, White had the power to amend her trust and appoint Sykes-Kennedy as the new trustee. Furthermore, given the evidence regarding Sykes-Kennedy’s education, business experience, and relationship with the ward, we have no difficulty concluding that there was substantial, competent evidence to support the trial court’s determination that it was in the ward’s best interest to have Sykes-Kennedy replace Rene as trustee.
We find the other issues raised by Rene to be without merit.[2]
AFFIRMED.
PALMER and ORFINGER, JJ., concur.

. 744.441 Powers of guardian upon court approval. — After obtaining approval of the court pursuant to a petition for authorization to act, a plenary guardian of the property, or a limited guardian of the property within the powers granted by the order appointing the guardian or an approved annual or amended guardianship report, may:
[[Image here]]
(2) Execute, exercise, or release any powers as trustee, personal representative, custodian for minors, conservator, or donee of any power of appointment or other power that the ward might have lawfully exercised, consummated, or executed if not incapacitated, if the best interest of the ward requires such execution, exercise, or release.

. Our affirmance of the trial court’s order should not, however, be construed to suggest that the trial court may authorize Sykes-Kennedy to amend the trust's provision regarding the trust's beneficiaries. That issue was not before us in the instant appeal.