John D. Bennett, S.
This is a proceeding in which all of the interested persons in this estate seek probate of a lost will and an existing codicil to be probated together as the last will of the decedent.
The testator died on October 15, 1976 at the age of 87 years. Decedent’s original will was executed on October 11, 1963. On July 23, 1975 approximately one year and three months before his death, the decedent executed a first codicil to his will, making minor changes. At that time he brought the original will to his attorney and it was returned to the decedent after preparation of the codicil.
At the decedent’s death, upon a careful and thorough search of his effects, an envelope was found in the decedent’s bedroom drawer containing a reproduced copy of the original will and the executed codicil.
If the proof establishes that the original will was last known to have been in the decedent’s possession and cannot be found at his death, the presumption arises that the decedent himself destroyed his will anima revocandi (Matter of Kennedy, 167 NY 163). However, this presumption is subject to being refuted by circumstances showing a contrary conclusion (Matter of Mittelstaedt, 278 App Div 231, 280 App Div 163, appeal dsmd 304 NY 795, 876). In the Mittelstaedt case both duplicate original wills were in the possession of the testatrix, only one of which could be found after her death. The presumption of revocation was held rebutted by her retention of one of the duplicate originals.
If retention of a duplicate original can suffice, to what extent is retention of a codicil inconsistent with the presumption of revocation? At common law the interaction of a codicil on the will as it related to the question of presumed revocation was apparently not considered, the cases merely consider *342 ing the reverse, the interaction of the will on the codicil and whether the will’s presumed revocation revoked the codicil (1 Jarman, Wills [6th Amer ed], p 160). This question today is academic since EPTL 3-4.1 (subd [c]) provides the revocation of a will revokes any codicils to it. However, the statute applies after the fact of revocation is found.
Only one New York case, Matter of Pardy (161 Misc 77), has been found which addresses itself to the question of the effect of a codicil on the presumption of revocation of a will last known to be in the testator’s possession. There the court stated at page 82: "I believe that the due execution of the codicil overcomes the presumption that the will of September 20, 1933, was destroyed by the testator and implies its existence, at least to the date of the execution of the codicil.”
In the instant case, the testator had indicated his satisfaction with his will when, on July 23, 1975, he ratified, confirmed and republished the original will as amended upon his execution of the codicil. The weight of the evidence here is sufficient in quality and quantity to show that it is unlikely that the testator intentionally revoked his will while retaining the codicil and a copy of the original will, which were carefully kept together among his personal possessions. The circumstances shown by the evidence are consistent with the thought that the testator, a man of advanced years, either misplaced or accidently destroyed his original will. The retention of this executed document together with the copy of the original will in the same envelope, to which the decedent had ready access, serves to rebut the presumption that the lost will was intentionally revoked.
The court finds that the instrument dated October 11, 1963 should be admitted to probate as a lost will together with the 1975 codicil.