*In re* SMITH ESTATE

Docket No. 65803. Submitted October 2, 1984, at Grand Rapids.—
Decided September 16, 1985. Leave to appeal applied for.

Petitioner, Helen Kehrwecker, sought admission to probate of a will and codicil thereto executed by the decedent, Raymond N. Smith. A search of decedent's personal effects following his death failed to produce the original will, but a copy of the will and the original codicil were found. The Ottawa Probate Court, Jack A. VandeBunte, J., denied admission of the copy of the will to probate on the basis of the common law presumption that where a will cannot be found at the death of the testator, especially where it is not traced out of the testator's possession, it is presumed that the testator revoked the will by destroying it. The codicil was denied admission on the basis that it was wholly dependent on the will. Petitioner appealed. *Held:*

1. The probate court's finding that the presumption of revocation was not overcome was erroneous because when the codicil was executed it replaced the earlier will and became the testator's only valid will.

2. The codicil expressly incorporated by reference the dispositive provisions of the earlier will. Both documents should be admitted to probate: the codicil as a valid testamentary instrument, and the copy of the will for the purpose of proving the dispositive provisions of the codicil.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Wills §§ 597-613.

Testator's failure to make new will, following loss of original will by fire, theft, or similar casualty, constituting revocation of original will. 61 ALR3d 958.

Admissibility of testator's declarations on the issue of revocation of will, in his possession at time of his death, by mutilation, alteration, or cancellation. 28 ALR3d 994.

[2] Am Jur 2d, Wills § 674.

See the annotations in the ALR3d/4th Quick Index under Wills.

[3] Am Jur 2d, Wills § 1128.

Validity, construction, and effect of bequest or devise to a person's estate, or to the person or his estate. 10 ALR3d 483.

[4] Am Jur 2d, Wills §§ 199-209.

See the annotations in the ALR3d/4th Quick Index under Wills.

D. E. HOLBROOK, JR., P.J., dissented. He would hold that, by presumption, the intent of the testator was to revoke his will and that the codicil, which is meaningless without the will, does not revive the will. He would require that a document incorporated by reference in a will still be in existence at the time the will is read. He would not admit either the will or the codicil to probate.

### OPINION OF THE COURT

1. WILLS — PRESUMPTION OF REVOCATION.

    A will which cannot be found at the death of the testator upon proper search being made, especially where the will has not been traced out of the possession of the testator, is presumed to have been destroyed by the testator; the burden is upon the proponent of the last will to show facts and circumstances which overcome the presumption of revocation, which presumption can be met by declarations of the testator.

2. WILLS — CODICILS — INCORPORATION BY REFERENCE.

    A "will" includes a codicil, which may incorporate by reference the terms of a copy of the original will to which it is a codicil where the codicil manifests that intent and sufficiently describes the original will (MCL 700.12, 700.130; MSA 27.5012, 27.5130).

### DISSENT BY D. E. HOLBROOK, JR., P.J.

3. WILLS — JUDICIAL CONSTRUCTION — INTENT OF TESTATOR.

    *The primary duty of a court in construing a will is to effectuate the intent of the testator.*

4. WILLS — INCORPORATION BY REFERENCE.

    *The section of the Revised Probate Code which provides for a writing to be incorporated into a will by reference should be read to require that the writing still be in existence at the time the will is read (MCL 700.130; MSA 27.5130).*

*Robert F. Mirque,* for petitioner.

*Meeks, Schultz & Archer* (by *Thomas H. Schultz),* for First National Bank of Zeeland, personal representative of the estate of Raymond N. Smith.

Before: D. E. Holbrook, Jr., P.J., and Mac-
Kenzie and R. R. Lamb,* JJ.

R. R. Lamb, J. Petitioner, Helen Kehrwecker,
appeals from the Ottawa County Probate Court's
order denying admission of a will and a codicil of
Raymond N. Smith. The probate court found that
the presumption of revocation applied to the dece-
dent's October 20, 1980, will and precluded its
admission to probate. The court also held the
presumption applicable to the November 22, 1980,
codicil, finding that the codicil was wholly depen-
dent on the prior will and had no significance in
its own right. We hold that the codicil was a valid
testamentary instrument and that the court erred
in denying its admission to probate.

The decedent died on April 27, 1981, at the age
of 81. He is survived by a son, Donald Smith, and
a stepson, Donald Mochel. Petitioner and the dece-
dent were close friends prior to decedent's death.
She visited him frequently and took him to the
doctor for treatment of his diabetes. When the
decedent was discharged from a stay in the hospi-
tal in February, 1980, he moved into petitioner's
home and resided there until his death. A close
relationship developed and the two planned to
marry on March 17, 1980, but decedent's illness
prevented the marriage. During the course of their
relationship, decedent purchased several items for
petitioner and also gave her substantial real and
personal property.

Decedent executed several wills during the lat-
ter years of his life. On March 10, 1980, he exe-
cuted a new will, revoking a 1977 will, under
which he bequeathed his entire estate to peti-
tioner, with the exception of four lots of real
estate. On October 20, 1980, a new will was exe-

* Circuit judge, sitting on the Court of Appeals by assignment.

cuted under which petitioner was to receive one-half of the residual estate. On November 22, 1980, decedent executed a codicil which made a change in a minor bequest and expressly ratified the remaining provisions contained in the October 20, 1980, will.

A search of the decedent's personal effects following his death failed to produce the original October 20, 1980, will. A copy of the will was found, along with the original November 22, 1980, codicil. Petitioner's petition to admit both documents to probate was denied. She appeals as of right.

The probate court correctly recognized the common-law presumption of revocation which states, "that where a will cannot be found at the death of the testator upon proper search being made, and especially where the will is not traced out of the possession of the testator, it is to be presumed that it was destroyed by him *animo revocando*". *In re Taylor's Estate,* 323 Mich 101, 107; 34 NW2d 474 (1948). The burden is upon the proponent of the lost will to show facts or circumstances which overcome the presumption of revocation. *In re Estate of Bernard Thomas,* 274 Mich 10, 14; 263 NW 891 (1935). The presumption can be met by declarations of the testator, and whether or not the presumption is rebutted is a question of fact. *Taylor, supra,* p 108.

The probate court found that petitioner failed to overcome the presumption as to the October 20, 1980, will. We find that conclusion erroneous because, effective November 22, 1980, the codicil replaced the October 20, 1980, instrument and became the testator's only valid will.

The Revised Probate Code defines a "will" to include a "codicil and any testamentary instrument which merely appoints an executor or re-

vokes or revises another will". MCL 700.12; MSA 27.5012. The code also provides for incorporation by reference, in MCL 700.130; MSA 27.5130, which states:

"A writing in existence when a will is executed may be incorporated by reference if the language of the will manifests this intent and describes the writing sufficiently to permit its identification."

In this case the codicil expressly incorporated by reference the dispositive provisions of the October 20, 1980, will. Under the statute, the codicil is a separate and independent testamentary instrument, the terms of which may be established by reference to the copy of the prior will. Since the original codicil is, by itself, a valid will under the statute, we hold that the probate court erred in applying the presumption of revocation to the original codicil.

We conclude that both documents must be admitted to probate: the codicil as a valid testamentary instrument, and the copy of the prior will for the purpose of proving the dispositive provisions of the codicil.

Reversed and remanded.

MacKenzie, J., concurred.

D. E. Holbrook, Jr., P.J. *(dissenting)*. I respectfully dissent. I agree with the majority in that it is proper to presume that the October 20, 1980, will was revoked. However, I do not believe that the codicil of November 22, 1980, should be admitted to probate.

The majority relies upon MCL 700.12; MSA 27.5012, which provides in pertinent part that:

"(3) 'Will' includes codicil and any testamentary in-

strument which merely appoints an executor or revokes or revises another will."

I do not agree that the codicil[1] in the instant case was ever intended to stand alone as a will. Our primary duty is to effectuate the intent of the testator. *In re Shaw Estate,* 138 Mich App 751, 754; 360 NW2d 921 (1984). We have held that it was the deceased's intent to revoke his October 20, 1980, will. The codicil, which was written less than a month after the will, cannot be understood unless the will is read in conjunction with it. The codicil ratifies the will, which implies that as of November 22, 1980, that will was still in existence. The codicil does not revive the will.

It is true that the only elements our code requires for incorporation by reference[2] are that the writing must be in existence at the time the will is written, the intent to incorporate must be shown and the writing must be identifiable. While the code does not expressly state that the document must still be in existence at the time the will is read, I believe that such a requirement is both necessary and logical.

In the instant action we are presuming that

---

[1] Decedent's codicil was properly signed and witnessed. The provisions are as follows:

"FIRST CODICIL TO LAST WILL AND TESTAMENT OF RAYMOND N. SMITH

"I, RAYMOND N. SMITH, residing in the County of Ottawa, State of Michigan, being of sound mind and memory, do make, publish and declare this to be the First Codicil to my Last Will and Testament, executed on October 20, 1980, in the manner following:

"ONE: The first paragraph of Paragraph Three is hereby amended to read as follows:

" 'I devise to William Bowen the sum of Five Dollars.' "

"I hereby ratify the remaining paragraphs contained in Paragraph Three.

"TWO: I also ratify and confirm the balance of the provisions contained in my original Will dated October 20, 1980."

[2] MCL 700.130; MSA 27.5130.

decedent revoked his will by destroying it. Construing what the Legislature meant by the word "revoke", we turn to the dictionary definitions. *In re Condemnation of Lands,* 133 Mich App 207, 211; 349 NW2d 261 (1984). Black's Law Dictionary (4th ed, 1951) defines "revoke" as: "To annul or make void by recalling or taking back, cancel, rescind, repeal, reverse."

Accordingly, as decedent intended to annul or cancel his will of October 20, I would hold that this will should not be admitted to probate for any reason. If the codicil could have been admitted independently without reference to the now void will, I would have agreed to admit it.

In the instant case, to admit the codicil entails admitting the will. As the testator's intent was to revoke his will, I find that the admission of the codicil would result in all but one of the provisions of the original will being effective. As this is contrary to the decedent's intent, I would hold the codicil, which is so intermingled with the will as to be meaningless without it, to also have been revoked in the instant case.

I would affirm the trial court.