491 So.2d 287 (1986)
In re ESTATE OF Clifford P. KUSZMAUL, Deceased.
No. 85-647.
District Court of Appeal of Florida, Fourth District.
June 25, 1986.
George A. Patterson, Deerfield Beach, and Jane Kreusler-Walsh of Klein & Beranek, P.A., West Palm Beach, for appellants.
Pamela M. Middlebrooks of Shannon & Middlebrooks, Fort Lauderdale, for appellee.

ON MOTION FOR REHEARING
LETTS, Judge.
The motion for rehearing is granted. The original opinion filed May 7, 1986, is withdrawn and we substitute the following:
This case involves the disposition of certain estate assets. The distribution hinges on whether a conformed copy of a will, found together with an original executed codicil, will suffice to uphold the provisions of that will and its codicil, despite the absence of the original executed last will and testament. The trial judge denied the petition for administration. Under the facts here presented, we disagree and reverse.
When the testator died, the interested parties fruitlessly searched for the original executed will, supposedly last seen in the decedent's possession. There is a dispute over where the copy of that will and the codicil were first located. It is conceded, however, that shortly after the testator died, a conformed copy of the will and the original of the executed codicil thereto, were found together among the decedent's personal possessions. The codicil stated in its concluding paragraph:
THIRD. I hereby ratify and confirm my said Last Will and Testament except insofar as any part thereof is modified by this Codicil.
We begin by reaffirming our conclusion in In the Estate of Parson, 416 So.2d 513, 515 (Fla. 4th DCA 1982) that there is a "presumption that a will which was in the possession of the testator prior to death and which cannot be located subsequent to death was destroyed by the testator with the intention of revoking it." We further continue to align ourselves with the proposition, also set forth in Parson, that "the presumption may only be overcome by competent and substantial evidence." Id. at 515. Unlike the trial judge, however, we *288 are of the opinion that the facts of the case now before us yield competent and substantial evidence to overcome the presumption.
The proponents of the view that the instant will was revoked point to another decision of this court with somewhat similar facts. See In re Estate of Baird, 343 So.2d 41 (Fla. 4th DCA 1977). However, there are important distinctions. In Baird the discovered executed codicil was not, so far as we can determine, accompanied by a copy of the will, as it was in the matter now before us. Further, while Mr. Kuszmaul, like Mr. Baird, showed continuing affection for the beneficiaries under the will, the former also wrote a letter to one of the beneficiaries under the will, after its execution, stating that property devised in that will would "someday ... be yours."
We are of the opinion that the instant cause is more closely allied to the facts in the New York decision of Will of Herbert, 89 Misc.2d 340, 391 N.Y.S.2d 351 (1977) where the court held that the presumption was overcome because a copy of the will and the original codicil "were carefully kept together among [the testator's] personal possessions" and because it would be "unlikely that the testator intentionally revoked his will while retaining the codicil and a copy of the original will." Id. at 352.
We would also point to two Florida statutes not considered in Baird. The first of these is section 732.5105, Florida Statutes (1983) wherein it is stated that "the execution of a codicil referring to a previous will has the effect of republishing the will as modified by the codicil." True, that section does not set forth whether or not it is applicable if the executed original will cannot be found. However, the ensuing section 732.511, provides that even if a will has been revoked "it may be republished and made valid [by] ... the execution of a codicil republishing it with the formalities required by this law for the execution of wills." The codicil before us now was executed with requisite formality.
In the sum of all that we have set forth above, we conclude that the presumption was overcome and the trial judge was in error.
REVERSED AND REMANDED IN ACCORDANCE HEREWITH.
DOWNEY and DELL, JJ., concur.