193 Mich. App. 468 (1992)
484 N.W.2d 743
In re CHRISTOFF ESTATE
GARSKE
v.
ATTORNEY GENERAL
Docket No. 124145.
Michigan Court of Appeals.
Decided April 6, 1992, at 9:55 A.M.
Henry G. Marsh, for the petitioner.
Frank J. Kelley, Attorney General, Gay Secor Hardy, Solicitor General, Thomas L. Casey, Assistant Solicitor General, and Max E. Simon, Assistant Attorney General, for the Attorney General.
Before: MARILYN KELLY, P.J., and WAHLS and FITZGERALD, JJ.
MARILYN KELLY, P.J.
Elizabeth Garske, a devisee of the estate of Katherine Kent, appeals an order denying a petition to admit a photocopy of George Christoff's will into the probate of his estate. The original of the will had been retained by the attorney who drafted it. Despite a diligent search, it was never found.
On appeal, Garske argues that the photocopy of Christoff's signed, witnessed, original will was admissible as a duplicate. She further asserts that the lost will statute does not apply to the present case. Her position is based on the fact that there was no question as to the contents, that the will had been executed by Christoff or that it embraced his intent. MCL 700.149; MSA 27.5149. Finally, she contends that, even if the statute does apply, its requirements have been satisfied. At least two reputable witnesses presented unchallenged testimony that Christoff executed a will leaving his entire estate to Kent. We reverse.
*470 The facts of this case are undisputed. George Christoff died in 1988 at the age of ninety with no known relatives. Katherine Kent and her family had been kind to Christoff ever since his immigration to the United States from Bulgaria at the age of seventeen. In 1969, Christoff executed a will leaving his entire estate to Katherine Kent. The attorney who drafted the will retained the original and gave Christoff a photocopy. Christoff's estate was valued at approximately $60,000.
After Christoff died, a thorough search was conducted to find the original will. The attorney who drafted it had died and his law firm, Murphy, Hedberg and Schultz, had been dissolved. The organization that bought the building claimed that the firm's safe which held wills had disappeared. Former attorneys and secretaries of the firm were contacted, as well as the drafting attorney's surviving daughter, to no avail. Christoff's copy of the will was located among his important papers in an envelope bearing the letterhead of the deceased attorney.
Christoff's personal representative submitted an amended petition to the probate court indicating that the original will had been destroyed. Michigan's Attorney General intervened, objecting to admission into probate of the copy of the will.
At a hearing on the petition, Christoff's most recent attorney, Robert Day, testified that he had visited Christoff in the hospital in 1987. Christoff had told Day that he made out a will in 1969 leaving everything to Kent and that the original was at the law firm of Murphy, Hedberg and Schultz. He had told Day also that he retained a copy of the will at home.
Also testifying were Meridith Olson, a friend of Christoff, and Elizabeth Garske, Katherine Kent's daughter. Both averred that Christoff had told *471 them that he had left his entire estate to Kent. Christoff had told Olson where he kept his copy of the will and Olson had retrieved it. Another friend testified that Christoff had told him that he left everything to "the lady that's in the will"; he was unable to remember her name.
Edna Lutenski, a former secretary at Murphy, Hedberg and Schultz, identified her signature as a subscribing witness on the photocopy of the will. She also identified the other subscribing witness as Jean Stillwagon, deceased. A former partner of the firm, Henry Hedberg, identified the signatures of both subscribing witnesses. He confirmed that original wills were typically kept in the safe.
The probate judge concluded that both the original will and the photocopy embraced Christoff's desire to leave his estate to Katherine Kent. Nonetheless, he refused to admit the photocopy into probate in the belief that it did not constitute a "duplicate" of the will under MRE 1003. He further ruled that the petitioner had not met the requirements of the lost will statute. MCL 700.149; MSA 27.5149.
We agree with Garske that the judge erred in refusing to admit the photocopy of the will into probate as a duplicate. A will may be established and admitted to probate if an "authenticated copy" is filed with a petition. MCL 700.145(3); MSA 27.5145(3). The requirement of authentication is "satisfied by evidence sufficient to support a finding that the matter in question is what the proponent claims." MRE 901(a).
The court rule addressing admissibility of duplicates, MRE 1003, provides:
A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the *472 circumstances it would be unfair to admit the duplicate in lieu of the original.
A "duplicate" is defined as a "counterpart produced by the same impression as the original ... or by means of photography ... or by mechanical or electronic re-recording ... or by other equivalent techniques, which accurately reproduces the original." MRE 1001(4). This Court, citing MRE 1003, has specifically held that photocopies are duplicates "admissible to the same extent as the original, unless a genuine question is raised as to the authenticity of the original, or if it would be unfair to admit the duplicate in lieu of the original." Joba Construction Co, Inc v Burns & Roe, Inc, 121 Mich App 615, 631-632; 329 NW2d 760 (1982).
In the case on appeal, there is no question that the original will would have been admissible in probate. It is undisputed that the document retained by Christoff and submitted by the petitioner is an unaltered photocopy of the original will. Given the unquestioned intent of the testator, it is fair and appropriate under the facts of this case to admit the duplicate in lieu of the original. Accordingly, under MRE 1003, the photocopy should have been admitted.
It appears that the probate judge believed that, to qualify as a duplicate will, the photocopy had to contain original signatures. However, the unaltered photocopy of the original signatures was sufficient. MRE 1001(4); Joba Construction Co, supra.
The Michigan Attorney General suggests that admission of a photocopied will conflicts with the lost will statute. MCL 700.149; MSA 27.5149. We disagree.
*473 The lost will statute requires that the contents and the execution of an allegedly lost will be established by two reputable witnesses. It was designed to resolve disputes over whether the deceased actually executed a will, and if so, whether the will said what the petition contends it said. It also applies in situations where a copy of the original will exists, but the testator's copy is missing. In the latter scenario, there is a rebuttable presumption that the testator destroyed the will with the intent to revoke it. See e.g. In re Taylor's Estate, 323 Mich 101, 107; 34 NW2d 474 (1948); In re Smith Estate, 145 Mich App 634, 637; 378 NW2d 555 (1985).
The provisions of the lost will statute do not apply to the facts of this case. First, as the probate judge properly found, there was no suggestion or presumption of revocation here. The only copy of the will that Christoff ever received, he retained. Contrast In re Taylor's Estate, supra; In re Bradley's Estate, 215 Mich 72; 183 NW 897 (1921). Additionally, there was no other evidence that Christoff intended to revoke his will so that his estate would escheat to the State of Michigan. To the contrary, it is undisputed that Christoff properly executed a will and that the contents of the will were exactly as they appear in the photocopy. As no dispute exists as to the authenticity of the photocopy, and since no presumption came into being that Christoff revoked the will, the lost will statute does not apply.
Given our resolution of this issue, there is no need to address Garske's contention that, even if the lost will statute applied, its provisions were satisfied.
The probate order is reversed.