FOURTH DIVISION
May 18, 2006

No. 1-05-1455

In re ESTATE OF IRENE S. KOZIOL,   )
     Deceased            )
                     )    Appeal from
(Shirley Koch,                )    the Circuit Court
                     )    of Cook County.
     Petitioner-Appellant,     )
                     )
  v.                 )
                     )
Estate of Irene S. Koziol,    )    Honorable
                    )    Robert E. Cusack,
   Respondent-Appellee).   )    Judge Presiding.

PRESIDING JUSTICE QUINN delivered the opinion of the court:

Petitioner Shirley Koch, the daughter and sole heir of the decedent Irene Koziol, appeals from an order of the circuit court denying her petition to vacate the admission of a copy of a will and the original codicil of the decedent. Petitioner also appeals the circuit court's denial of her request for formal proof of decedent's will. For the following reasons, we reverse the circuit court's order and remand this case for further proceedings.

I. BACKGROUND

1-05-1455

On September 25, 2003, the circuit court admitted to probate a copy of a will of the decedent dated September 14, 1984, and an original codicil dated January 10, 1994, pursuant to section 6-4 of the Illinois Probate Act of 1975 (Probate Act) (755 ILCS 5/6-4 (West 2002))[1].  The parties both indicated that the

[1]        "§6-4.  Admission of will to probate--Testimony or affidavit of witnesses. (a) When each of 2 attesting witnesses to a will states that (1) he was present and saw the testator or some person in his presence and by his direction sign the will in the presence of the witness or the testator acknowledged it to the witness as his act, (2) the will was attested by the witness in the presence of the testator and (3) he believed the testator to be of sound mind and memory at the time of signing or acknowledging the will, the execution of the will is sufficiently proved to admit it to probate, unless there is proof of fraud, forgery, compulsion or other improper conduct which in the opinion of the court is deemed sufficient to invalidate or destroy the will.  The proponent may also introduce any other evidence competent to establish a will.  If the proponent establishes the will by sufficient competent evidence, it shall be admitted to probate, unless there is proof of fraud, forgery, compulsion or other improper conduct which in the opinion of the court is deemed sufficient to invalidate or destroy the will.

(b) The statements of a witness to prove the will under

˅2˅

1-05-1455

original will could not be located.  Both parties also acknowledge that no evidentiary hearing was conducted in this matter.  Under the copy of the will, decedent's granddaughters, Susan Weber (f/k/a Susan Thompson) and Cheri Adrian, are the residuary beneficiaries, each entitled to receive one-half of the residuary estate.  Under the will, petitioner is a specific legatee entitled to receive the sum of $5,000.  The Decedent's probate estate includes Series E savings bonds and real estate located in Chicago, Illinois.

The codicil added a definition for decedent's use of the term "per stirpes" and a forfeiture provision instructing that "[i]f any person takes any action to prevent the admission to

subsection 6-4(a) may be made by (1) testimony before the court, (2) an attestation clause signed by the witness and forming a part of or attached to the will or (3) an affidavit which is signed by the witness at or after the time of attestation which forms part of the will or is attached to the will or to an accurate facsimile of the will."  755 ILCS 5/6-4 (West 2002).

probate or to contest the validity of this Will, that person shall take nothing hereunder."  The codicil also included decedent's statement that "I republish my will dated September 14, 1984 as modified by this First Codicil."

On November 3, 2003, petitioner filed petitions to vacate the order admitting the copy of decedent's will and original codicil and requesting formal proof of the will and codicil under section 6-21 of the Probate Act.  Petitioner argued that decedent's original will had not been produced and, therefore, there was a presumption that the will was revoked by the decedent.  Petitioner also argued that the burden was on the proponent of decedent's will to prove that the will was unrevoked at the time of the testator's death and that petitioner was entitled to a hearing before the copy of the will was admitted to probate.  On July 20, 2004, the circuit court denied petitioner's petitions to vacate the order admitting decedent's will and codicil and request for formal proof of will.  Petitioner now appeals.

## II. ANALYSIS

### A.  Formal Proof of Will

Petitioner argues that the circuit court should have granted her request for formal proof of the missing will pursuant to section 6-21 of the Probate Act.  Section 6-21 of the Probate Act provides in pertinent part:

"§6-21. Formal proof of will.  If a will has been

admitted to probate before notice in accordance with Section 6-4, any person entitled to notice under Section 6-10 may file a petition within 42 days after the effective date of the original order admitting the will to probate to require proof of the will pursuant to this Section.  The court must set the matter for hearing upon such notice to interested persons as the court directs.  At the hearing the proponent must establish the will by testimony of the witnesses as provided in subsection 6-4(b)(1) or Section 6-5 or other evidence as provided in this Act, but not as provided by subsection 6-4(b)(2) or subsection 6-4(b)(3), as if the will had not originally been admitted to probate.  If the proponent establishes the will by sufficient competent evidence, the original order admitting it to probate and the original order appointing the representative shall be confirmed and are effective as to all persons, including creditors, as of the dates of their entries, unless there is proof of fraud, forgery, compulsion or other improper conduct, which in the opinion of the court is sufficient to invalidate or destroy the will."  750 ILCS 5/6-21 (West 2002).

This section of the Probate Act provides a mechanism by which an heir, such as the petitioner in this case, may file a petition to

require formal proof of the will.  Upon the filing of such petition, the circuit court "must set the matter for [a] hearing" in which the proponent of the will must establish the will by testimony of witnesses or other evidence under section 6-21.  755 ILCS 5/6-21 (West 2002).  Accordingly, we find that petitioner was entitled to a hearing for formal proof of the missing will.


B.  Evidentiary Hearing Regarding Revocation

Petitioner also argues that the court should have conducted an evidentiary hearing, before admitting the missing will to probate, to determine the fate of the missing 1984 will and that the presumption that a missing will has been destroyed is not refuted by the mere presence of an original codicil.  Respondent maintains that no evidentiary hearing was required because the original codicil was per se sufficient to prove the will and that petitioner can present evidence of revocation after the will has been admitted by filing a will contest.

We must first consider whether the 1994 codicil is sufficient to prove the will and to obviate any inquiry into the will's revocation.  Respondent relies upon the principle that a codicil, which clearly and unmistakenly refers to the will, republishes the original will as of the date of the codicil's execution.  See Hubbard v. Hubbard, 198 Ill. 621 (1902). Therefore, respondent maintains that, under Illinois law, a will is proved by proving a subsequent codicil and no other evidence

1-05-1455

is relevant at the time of determining whether the will and codicil should be admitted to probate. Under this view, the original will, subsequent to the execution of the codicil, is no longer relevant, as the codicil replaces the will. Thus, the destruction of the original will has no legal effect unless accompanied by the destruction of the codicil. Otherwise the codicil instantly revives the revoked will's terms by its reaffirmation and republication of the will. Following this reasoning, respondent argues that the introduction of the original codicil was sufficient to prove the 1984 will.

Respondent cites In re Estate of Smith, 145 Mich. App. 634, 378 N.W.2d 555 (1985), in support of her reasoning. The court in Smith found that a codicil which expressly ratified provisions of a will, except for changes in a minor bequest, was by itself a valid will and therefore the common-law presumption of revocation with regard to the missing will did not apply to the codicil. The Smith court based its holding upon a Michigan statute that defined a codicil as a "separate and independent testamentary instrument." 145 Mich. App. at 638, 378 N.W.2d at 557. Here, respondent argues that section 2.18 of the Probate Act (755 ILCS 5/1-2.18 (West 2002)), which states that the word " '[w]ill' includes testament or codicil," compels this court to reach the same result as the Smith case.

However, we note that section 1-2.18 of the Probate Act merely provides a definition for statutory construction and does

not apply to this case.  Rather, Illinois, along with many other jurisdictions, has adopted the alternative view that the codicil and will together function as a single testamentary instrument. See <u>Fischer v. LaFave</u>, 188 Ill. App. 3d 16, 19 (1989); <u>Watt v. Farmers State Bank & Trust Co.</u>, 71 Ill. App. 3d 455, 460 (1979). In determining whether the revocation of the will revokes the codicil, the general rule in these jurisdictions is:

> "[W]here a codicil is of such character that it may stand independently of the will, the revocation of the will does not affect the codicil.  If, however, a codicil is not so complete a testamentary instrument as to stand alone, the revocation of the will to which it is appurtenant automatically revokes it."  79 Am. Jur. 2d *Wills* § 476 (2002).

See also <u>In re Estate of King</u>, 149 N.H. 226, 231, 817 A.2d 297, 301 (2003).

In <u>In re Estate of King</u>, the Supreme Court of New Hampshire was presented with an argument similar to the one respondent raises in this case.  After noting the above-stated rule, the New Hampshire Supreme Court determined that because the codicil was not sufficiently complete to stand alone, a revocation of the will would have also revoked the codicil in that case.  <u>In re Estate of King</u>, 149 N.H. at 230-31, 817 A.2d at 301.

We agree with this rule and reject respondent's proposed rule where it may contravene the testator's intent.  When a

testator executes both a will and codicil adopting a minor change to that will, and then destroys that will, it is clear that the testator's intent is to revoke her entire testamentary scheme. The rule proposed by respondent would lead to a contrary result and would force a testator who has drafted numerous minor codicils to destroy every one of these codicils, in addition to the original will, to accomplish a revocation. See In re Estate of King, 149 N.H. at 231, 817 A2d at 301.

In this case, the 1994 codicil made only a few minor amendments and was not sufficiently complete as a testamentary document to stand alone without the original will. Therefore, revocation of the 1984 will would have also revoked the 1994 codicil. For this reason, we find that an evidentiary hearing was necessary for the probate court to determine what happened to the original 1984 will.

Respondent nonetheless argues that petitioner was not entitled to an evidentiary hearing regarding the testator's intention to revoke the will because petitioner could present evidence of revocation after the will and codicil were admitted by filing a will contest under section 8-1 of the Probate Act (755 ILCS 5/8-1) (West 2002)). However, our supreme court has held that evidence giving rise to a presumption of revocation may be presented in probate court proceedings under section 6-4 of the Probate Act, and that a party is not limited to a will contest if she desires to produce such evidence. See In re

1-05-1455

Estate of Millsap, 75 Ill. 2d 247, 252-53 (1979); see also In re Estate of Gaglione, 109 Ill. App. 3d 748, 753 (1982), aff'd, by In re Estate of Gaglione, 97 Ill. 2d 408 (1983).

In In re Estate of Millsap, our supreme court noted that probate courts have long had the power to hear testimony on the question of revocation and to deny probate when it appears that the alleged will has been revoked. In re Estate of Millsap, 75 Ill. 2d at 251. The court further held that the presumption of revocation may be the basis of a probate court's denial of admission. In re Estate of Millsap, 75 Ill. 2d at 253. Therefore, petitioner in this case was entitled to an evidentiary hearing to present evidence regarding the testator's intent to revoke the 1984 will during probate proceedings to admit the will and codicil under section 6-4 of the Probate Act.

The law in Illinois is well established regarding lost or missing wills. It is established:

"'Where a last will and testament, after its execution, is retained by the testator and cannot be found upon his death, it is the well-settled rule of this and of the majority of jurisdictions that it will be presumed to have been destroyed by him *animo revocandi*. [Citations.] The same cases establish that the presumption is subject to being rebutted by circumstances which tend to show a contrary conclusion,

˘10˘

and that the burden is on one seeking to probate such a will to prove that it was unrevoked at the testator's death.' (In re Estate of Moos, (1953) 414 Ill. 54, 57, 110 N.E.2d 194, 195, noted in In re Estate of Millsap, (1979) 75 Ill. 2d 247, 250, 388 N.E.2d 374, 375-77. [Citations.] Factors to be considered in addressing the rebuttal of the presumption include evidence as to statements from the testator that [s]he did not intend to revoke the will, evidence that [s]he entertained a kind and loving attitude toward the proposed beneficiary under the will up to the time of death, and evidence of other individuals' access to the will prior to death. [Citations.] In cases where the issue is raised whether some person has unlawfully destroyed a missing will, however, it will not be presumed that a missing will has been destroyed by any other person, without the knowledge of or authority of the testator, although such person may have had the motive and the opportunity, as that would be presuming a crime." In re Estate of Phillips, 359 Ill. App. 3d 114, 121-22 (2005).

Accordingly, in this case, the circuit court must give effect to the presumption if the necessary evidence is brought to the attention of the court and no rebuttal evidence is admitted to overcome the presumption. If the proponent of the will has not

presented such rebuttal evidence, it cannot be said that she has produced "sufficient competent evidence" within the meaning of section 6-4 to have the will admitted. See In re Estate of Millsap, 75 Ill. 2d 247.

We also note respondent's argument that the existence of the 1994 codicil was sufficient evidence to rebut the presumption of revocation. There are no Illinois cases addressing the effect of a codicil upon the presumption of revocation. Several other courts have addressed this issue and adopted the view that an existing codicil alone is not sufficient to overcome the presumption that the will was destroyed by the decedent with the intent to revoke and cannot be used, together with a copy of the missing will, to substitute for the will at probate under a theory that the codicil incorporates the will by reference and becomes a new will. See In re Ayres' Will, 36 Ohio Law Abs. 267, 43 N.E.2d 918 (1940); In re Estate of Bowles, 96 Ohio App. 265, 114 N.E.2d 229 (1953); In re Estate of Steel, 8 Ohio Misc. 133, 219 N.E.2d 236 (1966). Specifically, in In re Estate of Bowles, the will could not be located, but the original codicil was found among decedent's documents. The court rejected the claim that destruction of the will without destruction of the codicil could not constitute revocation. Bowles, 96 Ohio App. at 280, 114 N.E.2d at 237-38. As the codicil was dependent upon the will for its effectiveness, the court deemed both were presumed revoked. Bowles, 96 Ohio App. at 282, 114 N.E.2d at 239. In In re Steel,

the court followed <u>Bowles</u>. The court remarked that the execution of a subsequent codicil only proves the will was in existence at that time. The codicil is dependent upon the will and cannot be used to substitute for a will which is lost or destroyed after the codicil is executed. <u>Steele</u>, 8 Ohio Misc. at 139-40, 219 N.E.2d at 242.

Other courts have determined that, where an executed codicil was found among the decedent's papers together with a copy of the missing will, the presumption that the missing will had been destroyed by the decedent with the intent to revoke the will was overcome.  See <u>In re Estate of Kuszmaul</u>, 491 So.2d 287 (Fla. App. 1986); <u>In re Estate of Smith</u>, 145 Mich. App. 634, 378 N.W. 2d 555 (1985); <u>In re Estate of Herbert</u>, 89 Misc. 2d 340, 391 N.Y.S.2d 351 (1977).  In <u>In re Estate of Day</u>, 12 Kan. App. 2d 668, 753 P.2d 1296 (1988), the court noted that the probate court can consider that the codicil was in existence and the facts concerning it in making its factual determination as to whether the presumption of revocation is overcome.  The court found that the existence of the codicil was insufficient to overcome the presumption where the testator was never in possession of the codicil but had continuous possession of the original will.  The court found that the codicil was intended to modify the existing will; it was not intended to be an independent addition to the will; and a copy of the will was not kept with the original codicil.  The court also noted that unlike <u>In re Estate of Smith</u>,

1-05-1455

145 Mich. App. at 638, 378 N.W.2d at 557, there was no state statute declaring a codicil an independent document and the codicil could not be read as an independent document.

Here, we need not decide this issue and remand this case to the circuit court to conduct an evidentiary hearing to determine whether the presumption of revocation should be applied in this case and to take into account the relevant factors in addressing whether the proponent of the will can offer sufficient evidence to rebut the presumption of revocation.

## III. CONCLUSION

For the above-stated reasons, we reverse the order of the circuit court and remand this case for a hearing regarding petitioner's request for formal proof of the 1984 will and an evidentiary hearing regarding the revocation of the will.

Reversed and remanded.

CAMPBELL and GREIMAN, JJ., concur.